IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THOMAS RAY DICKERSON,

    Plaintiff,

v.

WARDEN ROBERT ADAMS; and
WARDEN ADAM JORDAN,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-109

## O R D E R

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's October 5, 2017, Order, denying Plaintiff's Motions for Appointment of Counsel.[1] (Doc. 20.) Plaintiff asserts he has sustained head and spinal injuries and has difficulty with reading. (Id. at p. 1.)

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the

---

[1] Plaintiff filed his Motion pursuant to Federal Rule of Civil Procedure 60(b). As Rule 60(b) concerns relief from judgments, it is not the proper vehicle by which to seek reconsideration of an Order denying non-dispositive motions, such as Plaintiff's Motions for Appointment of Counsel. Thus, the Court re-characterizes Plaintiff's instant Motion as being urged pursuant to Federal Rule of Civil Procedure 59(e). "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. As laid out in this Court's prior Order, Plaintiff has no constitutional right to appointment of counsel in this civil case. (Doc. 16.) Plaintiff has failed, once again, to show "exceptional circumstances" warranting the appointment of counsel. (See id. at p. 2.) Plaintiff has been able to file several pleadings in this case and has complied with the Court's deadlines and directives. Thus, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's October 16, 2017, Order remains the Order of the Court.

**SO ORDERED**, this 21st day of November, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA