# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

THOMAS RAY DICKERSON,

        Plaintiff,

    v.

WARDEN ROBERT ADAMS; WARDEN
ADAM JORDAN; and NURSE PEACOCK,[1]

        Defendants.

CIVIL ACTION NO.: 6:17-cv-109

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Autry State Prison in Pelham, Georgia, filed a Complaint, as amended,[2] pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Jenkins Correctional Facility in Millen, Georgia. (Doc. 6.) Plaintiff also filed a Motion for Appointment of Counsel and for a Copy of this Court's Local Rules, (doc. 29), and a Motion for Leave to Appeal *in Forma Pauperis* and a Motion to Appoint Counsel before the Eleventh Circuit Court of Appeals, (docs. 31, 32). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel, **GRANTS** Plaintiff's Motion for Copies, and **DISMISSES** as prematurely and improvidently filed Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* and additional Motion for Appointment of Counsel. I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Adams and Jordan

---

[1] The Court **DIRECTS** the Clerk of Court to add "Nurse Peacock" as a named Defendant upon the docket and record of this case. The Court provides further instructions to the Clerk of Court (and Plaintiff) regarding two John Doe officers elsewhere in this Order.

[2] Plaintiff originally filed his Complaint in the Middle District of Georgia. That court provided Plaintiff with the opportunity to recast his Complaint and advised Plaintiff his recast Complaint "**shall take the place of and supersede all allegations made in the original complaint.**" (Doc. 5, p. 5 (bold in original).) Accordingly, this Court has reviewed only Plaintiff's Recast Complaint.

and **DENY** Plaintiff *in forma pauperis* status on appeal as to those claims. However, Plaintiff arguably states colorable deliberate indifference claims against Nurse Peacock and two John Doe officers. Accordingly, the Court **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Recast Complaint and this Order, as set forth herein.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts he was placed in general population at Jenkins Correctional Facility on March 28, 2017, and, on this same day, two gang members tried "to extort" Plaintiff because he has to walk with a cane. (Doc. 6, p. 5.) Plaintiff contends he refused to pay these two gang members, so they "jumped" him, yet he was able to get away from them. However, the gang members were able to catch Plaintiff when he was in the front part of the dormitory, at which time they kicked him and stomped his back, causing trauma to Plaintiff's spine and making him defecate in his pants. (Id.) Plaintiff alleges Officer Jane Doe allowed him to wash himself off, and he told her he was in pain. (Id. at p. 7.) Plaintiff also alleges two John Doe officers handcuffed him and took his cane, despite their knowledge that Plaintiff walks with a cane, had been assaulted, and was in severe pain. These two officers took Plaintiff to the medical unit, and he told Nurse Peacock that he was in severe pain and needed to go to the hospital. (Id.) According to Plaintiff, Nurse Peacock denied the request to go to the hospital. Instead, Plaintiff asserts the two officers took him to segregation for sixty-four (64) days without medical care, and he was charged with assaulting an inmate as a result of the assault he endured. (Id. at p. 8.) Plaintiff contends he was forced to sit on the shower floor three times a week while in segregation, which caused a painful and bleeding rash on his buttocks. (Id.)

On June 1, 2017, Plaintiff avers another John Doe officer and Officer Bennett, neither of whom was trained in medical transport, picked him up by his hand, even though these officers

knew of his injury and inability to walk.  (Id. at p. 9.)  Additionally, Plaintiff maintains these transport officials were made to put him in a wheelchair, yet he was still transported in a non-handicapped accessible van, which was exhausting and painful.  (Id.)

Plaintiff contends that, when he arrived at Autry State Prison, an officer there made him get on his butt and pulled him off the transport van backward, causing Plaintiff pain.  (Id. at pp. 9–10.)  Plaintiff asserts he had an x-ray taken on June 21, 2017, which revealed his spine had been re-injured compared to an x-ray and MRI from 2013.  Plaintiff alleges he is now confined to a wheelchair due to this assault and has constant pain in his spine and legs.  (Id. at p. 10.)

Plaintiff contends Defendant Robert Adams was deliberately indifferent to his "right to be subjected to a non-gang ran hostile [e]nvironment knowing [he] was a disabled inmate, which subjected Plaintiff to be the target of gang attacks[.]"  (Id. at p. 12.)  Plaintiff also contends Defendants Adams and Adam Jordan were "deliberate[ly] indifferent" to his "right to due-process" because Plaintiff was placed in unlawful segregation.  (Id. at p. 13.)  Plaintiff asserts Nurse Peacock and the two John Doe officers who escorted him to the medical unit after his assault were deliberately indifferent to his serious medical needs—Nurse Peacock because he denied Plaintiff any medical care and the two John Doe officers because they did not provide him with a wheelchair.  (Id. at pp. 12–13.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is

frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. <u>See</u> Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Thompson v. Rundle</u>, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. <u>Twombly</u>, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.     Plaintiff's Claims Against Defendants Adams and Jordan

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[3] <u>Bryant v. Jones</u>, 575 F.3d 1281, 1299 (11th Cir. 2009); <u>Braddy v. Fla. Dep't of Labor & Emp't Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. <u>Id.</u> at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the

---

[3] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff seeks to hold Defendants Adams and Jordan[4] liable solely based on their supervisory positions as Warden and Deputy Warden at Jenkins Correctional Facility. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions or inaction of these Defendants and the alleged violation of Plaintiff's constitutional rights. He does not allege that these Defendants were personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy these Defendants promulgated or maintained. Plaintiff also fails to plausibly allege that these Defendants directed the allegedly unlawful conditions or ignored a widespread history of abuse in this regard. In fact, Plaintiff fails to make any factual allegations against Defendants Adams and Jordan, let alone even conclusory allegations that these Defendants were aware of or were personally responsible for the alleged violations of Plaintiff's constitutional rights. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Adams and Jordan.

## II.    Plaintiff's Failure to Protect Claim Against Defendant Adams

Plaintiff's contention that Defendant Adams was deliberately indifferent to his placement in a dormitory with gang members implicates the Eighth Amendment's proscription against cruel and unusual punishment. That proscription imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. Caldwell v. Warden, FCI

---

[4] Robert Adams is indeed the Warden at Jenkins Correctional Facility. It appears that Adam Jordan is an assistant or deputy Warden at this Facility, but Plaintiff does not distinguish between these two men's supervisory positions.

<u>Talladega</u>, 748 F.3d 1090, 1099–100 (11th Cir. 2014).  While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[, i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability. . . ."  <u>Purcell ex rel. Estate of Morgan v. Toombs County</u>, 400 F.3d 1313, 1319 (11th Cir. 2005) (ellipses in original) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 834 (1994)).

To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  <u>Lane v. Philbin</u>, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting <u>Hale</u>, 50 F.3d at 1582).  The Court assesses the first element—a substantial risk of serious harm—under an objective standard.  <u>Caldwell</u>, 748 F.3d at 1099.  The objective component requires a plaintiff to show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992); <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

The second element—the defendant's deliberate indifference to a substantial risk of serious harm—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  <u>Farrow v. West</u>, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999)).[5]  The "subjective knowledge of a risk of serious harm" component requires a defendant

---

[5]  Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory.  <u>Compare</u> <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1327 (11th Cir. 2007), <u>with</u> <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011).  In <u>Melton v. Abston</u>, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard.  841 F.3d at 1223 n.2.  Even so, at least two unpublished, Eleventh Circuit cases post-<u>Melton</u> have continued to use the "gross negligence" standard.  <u>See, e.g.</u>, <u>Woodyard v. Ala. Dep't of Corr.</u>, 2017 WL 2829376 (11th Cir. June 30, 2017); <u>Sifford v. Ford</u>, 2017 WL 2874517 (11th Cir. July 6, 2017); <u>see also</u> <u>Harris v. Prison Health Servs.</u>, 706 F. App'x 945, 951 (11th Cir. 2017) (noting lack of clarity between "more than mere negligence" and "more than gross negligence"

to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099.

Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell, 400 F.3d at 1319–20). "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege 'a conscious or callous indifference to a prisoner's rights.'" Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . .") (citations and internal quotations omitted).

"[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm." Purcell, 400 F.3d at 1320. "A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). However, prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, to state an Eighth Amendment failure to protect claim, a

---

and declining to decide issue). However, because the Eleventh Circuit explicitly addressed this issue in Melton, this Court will apply the "more than mere negligence" standard.

plaintiff must show that the defendant knew that Plaintiff faced a risk of injury and that risk was a strong likelihood.

Plaintiff fails to allege that Defendant Adams knew Plaintiff faced a specific threat to his safety. Plaintiff only alleges that Defendant Adams was deliberately indifferent to Plaintiff's safety because Plaintiff is disabled, which subjected him to be the target of gang attacks. (Doc. 6, p. 12.) Plaintiff does not even allege that he informed Defendant Adams that he had been threatened with harm or that any specific person or persons posed a threat to his safety. By simply knowing that Plaintiff is disabled, Defendant Adams could not have known that Plaintiff faced a risk of injury, much less that the risk of injury was a strong likelihood. Moreover, Plaintiff has failed to plausibly allege that Defendant Adams drew such an inference. Consequently, Plaintiff has failed to meet both the objective and subjective prongs of a deliberate indifference to safety claim. See Proctor v. Georgia ex rel. Olens, No. 5:12-CV-342 HL, 2013 WL 3063527, at *8 (M.D. Ga. June 17, 2013) ("Nowhere in the first amended complaint does Plaintiff specifically allege that any particular Defendant was 'aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists' and that any specific Defendant also 'drew that inference.'") (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).

For all of these reasons, the Court should **DISMISS** Plaintiff's deliberate indifference claim against Defendant Adams.

### III. Plaintiff's Deliberate Indifference Claims Against Nurse Peacock and John Doe Officers

Plaintiff's allegations against Nurse Peacock and the two John Doe officers also implicate the Eighth Amendment. The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is

whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

Thus, in order to prove a deliberate indifference to medical care claim, similar to any other deliberate indifference claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). Under the second, subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so

cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Additionally, a defendant who "delays necessary treatment for non-medical reasons" or "knowingly interfere[s] with a physician's prescribed course of treatment" may exhibit deliberate indifference. Id. (citations omitted).

### A. Nurse Peacock

Plaintiff contends he informed Nurse Peacock after he was assaulted he was "seriously injured" as a result of the attack, was in pain, and needed to go to the hospital, yet she refused his request for help. (Doc. 6, p. 8.) In fact, Plaintiff notes he received no medical treatment at all after this assault. Accepting his contentions as true at this stage of litigation, Plaintiff sufficiently alleges Nurse Peacock was deliberately indifferent to his serious medical needs.

### B. John Doe Officers

Plaintiff's allegations that two John Doe officers were aware he was injured and needed a cane to walk, yet they took away Plaintiff's cane, (doc. 6, p. 7), implicate the Eighth Amendment and its proscription against deliberate indifference to serious medical needs. However, Plaintiff provides no details as to the John Doe officers' identities. As Plaintiff has already been informed, federal courts generally do not allow fictitious party pleadings. (Doc. 10, p. 3 (citing Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).) A limited exception to this rule exists "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" and thus, discovery would uncover the unnamed defendant's identity. Richardson, 598 F.3d at 738 (quoting Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992)); Daleo v. Polk Cty. Sheriff, No. 8:11-CV-2521-T-30TBM, 2012 WL 1805501, at *4–5 (M.D. Fla. May 17, 2012) (citing Dean, 951 F.2d at 1215–16).

Given that Plaintiff has been advised he must provide more information as to the identity of the two John Doe officers and has failed to do so, the Court could dismiss his claims against them. However, as Plaintiff arguably sets forth deliberate indifference claims against the two John Doe officers, the Court will provide him the opportunity to conduct discovery into the identities of these officers. The Court **DIRECTS** Plaintiff to advise the Court of the identities of these two John Doe officers within **sixty (60) days** of this Order. Plaintiff's failure to do so shall result in the dismissal, without prejudice, of any putative claims against these two John Doe officers.

## IV.     Plaintiff's Unrelated Claims

Plaintiff's initial assertions stem from events allegedly occurring in March 2017. However, Plaintiff also sets forth events allegedly occurring in June 2017. These June 2017 events are not related to Plaintiff's claims arising in March 2017, and the Court should **DISMISS without prejudice** Plaintiff's June 2017 claims. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Not only do Plaintiff's March 2017 and June 2017 claims involve different alleged violators and violations, his claims are not temporally connected. Should Plaintiff seek to bring these claims, he must do so through a separate cause of action.

## V.     Plaintiff's Motion for Appointment of Counsel and Motion for Copies (Doc. 29)

Plaintiff has filed his eighth Motion for Appointment of Counsel in this case. As the Court has repeatedly informed Plaintiff, in this civil case, he has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing

Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not

so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. In fact, Plaintiff's numerous pleadings reveal his ability to communicate with the Court. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

Plaintiff also moves to obtain a copy of this Court's Local Rules. The Court **GRANTS** Plaintiff's Motion and **DIRECTS** the Clerk of Court to mail Plaintiff a copy of this Court's Local Rules. Plaintiff is advised that any future requests for copies shall be governed by this Order, i.e., Plaintiff will have to pay for any further copies he may seek in this case.

## VI. Motion for Leave to Appeal *in Forma Pauperis* and Additional Motion for Appointment of Counsel (Docs. 31, 32)

Plaintiff filed a motion to the Eleventh Circuit for the appointment of counsel on March 22, 2018, (doc. 26), which was docketed in this Court as a notice of appeal as to the Court's Order denying Plaintiff's motions for appointment of counsel, (doc. 25). Plaintiff later filed a Motion for Leave to Appeal *in Forma Pauperis* and an additional Motion for Appointment of Counsel in the Eleventh Circuit, and these Motions were also docketed in this Court. (Docs. 31, 32.)

Plaintiff did not appeal my Order denying his underlying motion for the appointment of counsel to presiding District Judge J. Randal Hall. Thus, the Order denying Plaintiff's motion for appointment of counsel, (doc. 25), is not a final, appealable order. See Howard v. Blanchard, 687 F. App'x 406, 407 (5th Cir. 2017) (noting difference between a magistrate judge's denial of a plaintiff's motion for appointment of counsel and a district judge's denial of the same for purposes of appeal). Consequently, Plaintiff's filings before the Eleventh Circuit will likely be dismissed due to lack of jurisdiction, and this Court **DISMISSES** Plaintiff's Motion for Leave to

Appeal *in Forma Pauperis* and Motion for Appointment of Counsel as prematurely and improvidently filed in this Court.

## VII.    Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's claims against Defendants Adams and Jordan be dismissed, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[6]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[6]  A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Adams and Jordan. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. The Court **DENIES** Plaintiff's Motion for Appointment of Counsel in this Court, **GRANTS** Plaintiff's Motion for Copies, and **DISMISSES** as prematurely and improvidently filed Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* and additional Motion for Appointment of Counsel before the Eleventh Circuit.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff states a colorable deliberate indifference claim against Defendant Peacock. Consequently, a copy of Plaintiff's Recast Complaint, (doc. 6), and a copy of this Order shall be served upon Defendant Peacock by the United States Marshal without prepayment of cost. In addition, the Court finds Plaintiff also states a colorable deliberate indifference claim against the two John Doe officers who escorted him to the medical unit after his alleged assault. The Court **DIRECTS** Plaintiff to provide the Court with the identities of these two John Doe officers **within sixty (60) days** of this Order. Should Plaintiff comply with this directive, the Court automatically **DIRECTS** service of Plaintiff's Recast Complaint and a copy of this Order upon these two John Doe officers and to add the names of these two John Doe officers upon the record and docket of this case. In the event Plaintiff fails to comply with this directive, the Court should **DISMISS without prejudice** Plaintiff's claims against these two John Doe officers. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## <u>INSTRUCTIONS TO DEFENDANTS</u>[7]

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service

---

[7]  The Court's instructions to Defendants, rather than only to Defendant Peacock, are issued in the event Plaintiff complies with this Court's directive to provide the identities of the two John Doe officers, as a copy of this Order would then be served upon the John Doe officers, and they would become named Defendants.

unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff

proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
## MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered

against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of May, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA